```
 1
 2
 3
 4
 5
 6
 7
 8                      UNITED STATES DISTRICT COURT
 9                     EASTERN DISTRICT OF CALIFORNIA
10                              ----oo0oo----
11  In re:
12  KET A. LAM, aka TONY LAM,            NO. CIV. S-06-2736 WBS DAD
    d/b/a/ LAM'S MANDARIN, f/d/b/a,
13  GRAND MANDARIN,
14       Debtor,                         (Bankruptcy Court No.
                                          05-28088-C7)
15  -----------------------------
                                         (Adversary Proceeding No.
16  THOMAS A. ACEITUNO,                   06-2302)
17       Plaintiff,
                                         ORDER RE: MOTION FOR
18       v.                              WITHDRAWAL OF REFERENCE
19  CALVIN LAM,
20       Defendant.
21  -----------------------------
22                              ----oo0oo----
23           Defendant Calvin Lam moves to withdraw the reference of
24  the above-captioned adversary proceeding to the Bankruptcy Court,
25  pursuant to 28 U.S.C. § 157(d) and 157(e).[1]
26  _____
27       [1]  General Order No. 182, which automatically "refers to
    the bankruptcy judges of this district all cases under Title 11,
28  and all proceedings arising under Title 11 or arising in or
```

1

1        Section 157(e) provides that "[i]f the right to a jury
2   trial applies in a proceeding that may be heard under this
3   section by a bankruptcy judge, the bankruptcy judge may conduct
4   the jury trial if specially designated to exercise such
5   jurisdiction by the district court and with the express consent
6   of all the parties." 28 U.S.C. § 157(e).  Implementing this
7   section, this court's General Order No. 182, § 3.01, specifically
8   designates each bankruptcy judge of this district "to conduct
9   jury trials in core and non-core bankruptcy proceedings in cases
10  commenced on or after October 22, 1994, upon the written consent
11  of all parties to the action."
12       At oral argument, counsel for plaintiff, the party in
13  opposition to this motion, conceded that at least one of his
14  causes of action gives defendant the right to a jury trial.
15  Defendant refuses to consent to a jury trial before the
16  Bankruptcy Court.  "Withdrawal of the reference is therefore
17  required in instances where a defendant who is entitled to a jury
18  trial does not consent to the holding of such trial in the
19  Bankruptcy Court." <u>Lara v. Casimiro</u>, No. 06-0028, slip op. at
20  *12 (E.D. Cal. June 6, 2006) (citation omitted).  Accordingly,
21  the court will grant defendant's motion.
22  ///
23  ///
24  ///
25  ///
26  ///
27  ———————————
28  related to cases under Title 11," is reprinted in California Rules of Court Federal, 273-75 (West Group ed., 2007).

2

1          IT IS THEREFORE ORDERED that the above-captioned
2  adversary proceeding be, and the same hereby is, WITHDRAWN from
3  the automatic referral to the Bankruptcy Court.
4  DATED: January 23, 2007

                                WILLIAM B. SHUBB
                                UNITED STATES DISTRICT JUDGE